# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,      Case No. CR 06-00457 EMC (NC)

      v.

Ernesto Pecson, Defendant.

## ORDER OF DETENTION PENDING SUPERVISED RELEASE HEARING

In accordance with the Bail Reform Act, 18 U.S.C. §§ 3142(f) and 3143(a)(1), and Federal Rule of Criminal Procedure 32.1, the court on March 13, 2014, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  Defendant Pecson was present, represented by his attorney Camelia Baray.  The United States was represented by Assistant U.S. Attorney David Countryman.  Pecson is charged by supervised release violation with four violations.  His underlying conviction is for bank robbery.  The defendant is presumed innocent of the charge.

The detention hearing was held publicly.  Both parties were advised of their opportunity to call witnesses and present evidence.  Both parties were advised of their right to appeal this detention order to the District Court.  The United States called a victim/witness, who testified.

Because the defendant is charged with a violation of supervised release, the burden rests with the defendant to establish by clear and convincing evidence that he will not flee or pose a danger to any person or to the community. Fed. R. Crim. P. 32.1(a)(6).

**Findings**

Here, Pecson did not establish that he would not pose a danger to the community and to any person.  Specifically, he was charged in a domestic violence incident and was proposing to reside with the victim.  Having considered the testimony of the victim, the Court was not convinced that she would be safe if Pecson were released, even with a combination of conditions imposed.

**Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending

appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


Dated:   March 13, 2014


NATHANAEL M. COUSINS
United States Magistrate Judge


AUSA ___, ATTY _____, PTS ____